Henry KANE,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent,*

James L. POSEY
and Jann Carson,
*Intervenors.*

(SC S42183)

James L. POSEY
and Jann Carson,
*Petitioners,*

*v.*

Theodore KULONGOSKI,
Attorney General, State of Oregon,
*Respondent.*

(SC S42184)
(Cases Consolidated for Argument and Opinion)

895 P2d 783

Henry Kane, petitioner *pro se*, Beaverton, argued the cause and filed the petition.

Katherine A. McDowell, of ACLU Foundation of Oregon, Inc., Portland, argued the cause for petitioners James L. Posey and Jann Carson. With her on the petition was Paul E. Loving.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memoranda were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

Graber, J., dissented and filed an opinion in which Unis and Durham, JJ., joined.

## PER CURIAM

In these consolidated original proceedings, petitioners challenge the ballot title for a proposed initiative measure. Petitioners are electors who timely submitted written comments addressed to the Attorney General's draft ballot title. Therefore, they are entitled to petition this court seeking a different title. ORS 250.085(2).

The Attorney General certified this ballot title to the Secretary of State:

ENDS MOST GOVERNMENT AFFIRMATIVE
ACTION IN EMPLOYMENT, CONTRACTING,
PUBLIC SERVICES

QUESTION: Shall statute ban most state and local government affirmative action in employment, contracting, public services, used to cure past discrimination?

SUMMARY: Adopts statute. Bans state, local government affirmative action in employment, contracting, public services, used to cure past discrimination. Does not affect action needed to qualify for federal funds. Governments must base employment decisions only on education, ability, experience, standardized testing techniques with scoring equity. Governments must base contracting decisions solely on open competitive bidding. Governments may base financial aid for education solely on applicant's financial need, ability. Creates board to decide questions of discrimination or preference in employment, education, contracts instead of courts. Repeals statutes.

Petitioners assert that the Caption, Question, and Summary in the Attorney General's ballot title are deficient in various particulars. We have considered those arguments, but conclude that the ballot title certified by the Attorney General complies substantially with the requirements of ORS 250.035(1), ORS 250.085(5), and therefore certify that ballot title.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(9).

**GRABER, J.,** dissenting.

In these consolidated cases, two sets of petitioners challenge the ballot title for a proposed initiative measure. In

one respect, I disagree with the majority's decision to certify the Attorney General's ballot title.

Petitioners Posey and Carson contend, in part, that the Attorney General's Caption, Question, and Summary fail to comply substantially with the requirements of ORS 250.035(1), because they fail to mention a key provision that is not derivative of the measure's ban on affirmative action: the creation of an arbitration board to hear "questions of discrimination or preference * * * in lieu of" courts.

The provision creating and empowering a "Civil Rights Arbitration board" is one of the two new substantive sections that would be enacted by the proposed initiative measure. It is worded independently of Section 1 of the measure and is not necessarily coextensive with the matters covered in Section 1. For example, Section 1 uses the terms "affirmative action, reverse discrimination, quotas or set-a-sides," while Section 2 uses the terms "discrimination or preference." Additionally, Section 1 covers employment, contracting, provision of public services, and financial aid for education, while Section 2 covers "Employment, Education, and Contracts." Those differences, along with the length and nature of Section 2, suggest that Section 2 is a subject and a chief purpose of the proposed measure, which is apart from the subject and chief purpose to ban most forms of governmental affirmative action, and which therefore should be included in the Caption and Question.

Notwithstanding its importance, Section 2 of the proposed measure is not mentioned to voters at all in the Caption or Question and is not explained fully in the Summary. I dissent from the majority's conclusion that the Attorney General's ballot title complies substantially with the requirements of ORS 250.035(1) despite that omission.

In order to inform voters of this missing half of the equation, I would revise the ballot title as follows. (I also would make editorial changes to make room for the additional material within the applicable word limits and, at the same time, to make the ballot title easier to read.)

BANS MOST KINDS OF
GOVERNMENT AFFIRMATIVE ACTION;
CREATES NEW BOARD

QUESTION: Shall statute ban most kinds of government affirmative action; create new administrative board to decide discrimination questions instead of courts?

SUMMARY: Adopts statute; repeals and amends statutes. Bans state, local governments from using affirmative action to remedy past discrimination in employment, education, contracting, or public services, except as required to qualify for federal funds. Governments must:

— base employment decisions solely on education, ability, experience, standardized testing with scoring equity;

— base contracting decisions solely on open competitive bidding;

— base financial aid for education solely on applicant's ability, financial need.

Creates new administrative board to decide questions of discrimination, preference in employment, education, and contracts, instead of courts.

For the foregoing reasons, I would modify the ballot title and certify it as modified. Accordingly, I respectfully dissent.

Unis and Durham, JJ., join in this dissenting opinion.